IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN CHEEK, et al., on their own and on behalf of those similarly situated, <br>     Petitioners, <br><br> v. <br><br> WARDEN, FMC-Fort Worth, and MICHAEL CARVAJAL, Director, Federal of Bureau of Prisons, <br>     Respondents. | § § § § § § § § § § § § | Civil Action No. 4:20-CV-677-P |

## **OPINION AND ORDER**

Before the Court is a pleading entitled "Emergency Petition for Writ of Habeas Corpus Injunctive and Declaratory Relief" (ECF No. 1) under 28 U.S.C. § 2241 sent by petitioner John Cheek to the clerk of Court for filing. After having considered the habeas petition and relief sought by Petitioners, the Court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

## I.  BACKGROUND

Petitioner is confined in FMC-Fort Worth pursuant to his 2011 convictions for bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence in the Dallas division of the United States District Court for the Northern District of Texas. J., United States v. Cheek, PACER, U.S. Party/Case Index, Criminal Docket for Case # 3:11-cr-00157-D-1, ECF No. 31. By way of this petition, Petitioner complains of the conditions of his confinement and that of similarly situated prisoners at FMC-Fort Worth,

including the medically-vulnerable subclass, and seeks release under "28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. § 1651 (All Writs Act); Article 1, § 9, cl. 2 of the U.S. Constitution (Suspension Clause); 28 U.S.C. § 1331 (Federal question jurisdiction); and 28 U.S.C. § 1346 (United States as a defendant)," because of the extraordinary conditions caused by the COVID-19 pandemic.

## II. DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondents.

Generally, in this circuit, habeas relief is not available to review questions unrelated to the cause of a prisoner's detention. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Its sole function of habeas is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. *Id.* at 935-36. Where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997).

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Petitioners do not challenge the validity of their sentences or convictions or the BOP's administrative calculation of their release dates, which is the traditional "essence" of habeas corpus. *See Preiser,* 411 U.S. at 484, 498-500. It is the nature of the substantive legal claim itself and the pertinent factual allegations–in addition to the relief sought–that determines whether the claim challenges "the validity of confinement" and thus sounds in habeas corpus. *Hill v. McDonough,* 547 U.S. 573, 579-81 (2006). Petitioners' claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus, even though they seek release from confinement. Thus, a § 2241 habeas petition is not the proper vehicle for raising their claims, and this Court lacks jurisdiction to consider the petition. *See Provines v. Wilson,* No. 4:20-CV-475-O, 2020 WL 2762563, at *2 (N.D. Tex. May 20, 2020); *Sanchez v. Brown,* No. 3:20-CV-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020). Nor does Petitioner establish an alternate independent basis for jurisdiction.

### III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction. A certificate of appealability is DENIED. Because the Court lacks jurisdiction, no ruling is made on Petitioner's motion to proceed *in forma pauperis* (ECF No. 2).

**SO ORDERED** on this 1st day of July, 2020.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3